1

2

3

4

5

6

7

8       **UNITED STATES DISTRICT COURT**

9       **EASTERN DISTRICT OF CALIFORNIA**

10

11 COSME PRESAS,                           )  Case No.: 1:15-cv-0044 - --- - JLT
                                          )
12          Plaintiff,                     )  ORDER GRANTING PLAINTIFF'S MOTION TO
                                          )  PROCEED IN FORMA PAUPERIS (Doc. 2)
13      v.                                 )
                                          )  ORDER DISMISSING THE COMPLAINT WITH
14 CHRIS ROBERTS, et al.,                  )  LEAVE TO AMEND (Doc. 1)
                                          )
15          Defendants.                    )
                                          )  ORDER DENYING MOTION FOR
16 _____  )  APPOINTMENT OF COUNSEL (Doc. 3)

17

18          Plaintiff Cosme Presas initiated this action by filing a complaint against Chris Roberts; Chan

19 Lee; John Innis, Jr.; and Steven Booth on January 9, 2015 (Doc. 1), alleging the defendants are liable

20 for firing him in retaliation for complaints Plaintiff made.  For the following reasons, Plaintiff's motion

21 to proceed *in forma pauperis* is **GRANTED**.  However, because Plaintiff fails to allege facts sufficient

22 to support his claim for relief, his complaint is **DISMISSED** with leave to amend.

23 **I.      Motion to Proceed In Forma Pauperis**

24          As a general rule, all parties instituting any civil action, suit or proceeding in a United States

25 District Court must pay a filing fee.  28 U.S.C. § 1914(a).  However, the Court may authorize the

26 commencement of an action "without prepayment of fees and costs of security therefor, by a person

27 who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."   28

28 U.S.C. § 1915(a)(1).  Therefore, an action may proceed despite a failure to prepay the filing fee only if

leave to proceed *in forma pauperis* ("IFP") is granted by the Court.  *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).  The Court has reviewed the application and finds Plaintiff satisfies the requirements of 28 U.S.C. § 1915(a).  Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

## II.      Motion for Appointment of Counsel

Plaintiff seeks an order appointing him counsel in this case. (Doc. 3) As grounds therefor, he asserts that because he is incarcerated, he has been unable to hire a lawyer. *Id.*

Importantly, in most civil cases, there is no constitutional right to counsel, but the Court may request an attorney to represent indigent persons.  28 U.S.C. § 1915(e)(1).  Defendant is advised that the Court cannot require representation of a party pursuant to 28 U.S.C. § 1915.  *Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  Nevertheless, in "exceptional circumstances," the Court has discretion to request the voluntary assistance of counsel. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

To determine whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [party] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).  Here, the action is in its early stages and, as set forth below, the Court does not find that a cognizable claim has been stated and has serious doubts as to whether the claims have been exhausted and whether the complaint is timely filed.  Further, Defendant's motion demonstrates that he is articulate and able to state his position in an intelligible manner.  Therefore, the Court does not find the required exceptional circumstances at this time.

Accordingly, Plaintiff's motion for the appointment of counsel is **DENIED**.

## III.      Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. 1915(e)(2).  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible,

1   whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*,

2   504 U.S. 25, 32-33 (1992).

3   **IV.   Pleading Standards**

4           General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A

5   pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short

6   and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the

7   relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P.

8   8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less

9   stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

10          A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and

11  succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Further, a

12  plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534

13  U.S. 506, 512 (2002).  The Supreme Court noted,

14          Rule 8 does not require detailed factual allegations, but it demands more than an
        unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers
15      labels and conclusions or a formulaic recitation of the elements of a cause of action will
        not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further
16      factual enhancement.

17   *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted).

18  Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d

19  266, 268 (9th Cir. 1982).  The Court clarified further,

20          [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim
        to relief that is plausible on its face." [Citation]. A claim has facial plausibility when
21      the plaintiff pleads factual content that allows the court to draw the reasonable
        inference that the defendant is liable for the misconduct alleged. [Citation]. The
22      plausibility standard is not akin to a "probability requirement," but it asks for more than
        a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint
23      pleads facts that are "merely consistent with" a defendant's liability, it "stops short of
        the line between possibility and plausibility of 'entitlement to relief.'

24

25  *Iqbal*, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should

26  assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal

27  conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*

28

3

1   The Court "may act on its own initiative to note the inadequacy of a complaint and dismiss it

2   for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citation omitted).

3   Leave to amend a complaint may be granted when the deficiencies of the complaint may be cured.

4   *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

5   **V.     Factual Allegations**

6   Plaintiff alleges he was formerly employed as a massage therapist by the defendants at

7   Downtown Wellness in Bakersfield, California. (Doc. 1 at 2.)  According to Plaintiff, the center

8   provided "work materials such as lotion, cream, massage tables, radios, [and] furniture." (*Id.*)  Further,

9   Plaintiff asserts that he had set business hours and "staff that would fill out [his] schedule." (*Id.*)

10  However, Plaintiff alleges he and others "were made to sign bogus contracts" that stated Plaintiff

11  provided his own materials and set his own schedule, so he would appear to be a private contractor.

12  (*Id.*)  He reports that this "went on from June 2006 to April 16 of 2010." (*Id.*)

13  Plaintiff alleges the purpose of these contracts was "to evade taxes and put the burden on the

14  massage therapists." (Doc. 1 at 3.)  Plaintiff asserts that he "question[ed] all that was happening," and

15  was fired on April 16, 2010.  (*Id.*)  According to Plaintiff, the reason given for his termination by

16  Downtown Wellness was Plaintiff's refusal of a client, but "the bogus contract" allowed him to refuse

17  clients.  (*Id.*)  Plaintiff asserts the true reason for his termination was his knowledge "of the tax evasion

18  and of fraudulent charges to insurance carriers," and the fact that he "questioned it all." (*Id.* at 4.)

19  Based upon these facts, it appears Plaintiff seeks to hold the defendants liable for firing him in

20  retaliation for his complaints about the allegedly unlawful business practices of Downtown Wellness.

21  **VI.     Discussion and Analysis**

22  As an initial matter, Plaintiff has not clearly identified his claims.  The Court will assume for

23  purposes of this order that Plaintiff seeks to state a claim of retaliation in violation of Title VII and

24  California's Fair Employment and Housing Act ("FEHA").  However, whether these are the claims

25  Plaintiff intends to pursue is uncertain.

26  Title VII makes it unlawful "for an employer to discriminate against any of his employees . . .

27  because he has opposed any practice made an unlawful employment practice by this [title] . . . or

28  because he has made a charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing under this [title]. . . ." 42 U.S.C. § 2000e-3(a). Thus, an "employer can violate the anti-retaliation provisions of Title VII in either of two ways: (1) if the adverse employment action occurs because of the employee's opposition to conduct made unlawful [by Title VII]; or (2) if it is in retaliation for the employee's participation in the machinery set up by Title VII to enforce its provisions." *Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997). Similarly, under FEHA, it is unlawful "[f]or any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Cal. Gov't Code § 12940(h).

### A.   Exhaustion of administrative remedies

Significantly, Plaintiff does not allege that he exhausted his administrative remedies as to the alleged retaliation prior to filing suit. A plaintiff must have exhausted his administrative remedies for the Court to have subject matter jurisdiction over a claim of retaliation in violation of Title VII. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). The Ninth Circuit explained, "Under Title VII, a plaintiff must exhaust [his] administrative remedies by filing a timely charge with the EEOC . . . thereby affording the agency an opportunity to investigate the charge." *Id.* (citing 42 U.S.C. § 2000e-5(b)). Thus, a plaintiff must file an EEOC complaint within 300 days of the alleged violation. See 42 U.S.C. § 2000e-5(e); 29 C.F.R. § 1601.13; *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1107 (9th Cir. 1998). This requirement serves as a statute of limitations for the filing of Title VII claims. *See Draper*, 147 F.3d at 1107. After receiving a right to sue letter from the EEOC, a plaintiff has 90 days to file a complaint in federal court. *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408(c).

Here, Plaintiff fails to allege that he exhausted his administrative remedies by filing a complaint with the EEOC or the DFEH and he fails to provide any explanation for his failure to exhaust these remedies. Likewise, given the amount of time which has passed from the date he was fired in retaliation for complaining about his classification as an independent contractor[1], Plaintiff has failed to demonstrate that he has filed this litigation within the applicable statute of limitations.

---

[1] The Court rejects Plaintiff's passing reference to just recently becoming "fully aware" of the situation (Doc. 1 at 2), as sufficient explanation for filing this lawsuit beyond the statute of limitations period. Plaintiff makes clear that when he

**B.      Sufficiency of Plaintiff's factual allegations**

To state a cognizable claim for retaliation, a plaintiff must allege: (1) he engaged in protected activity; (2) his employer subjected him to an adverse employment action; and (3) there is a causal link between the protected activity and the adverse action.  *Bleeker v. Vilsack*, 468 Fed. App'x 731, 732 (9th Cir. 2012); *see also Yanowitz v. L'Oreal USA, Inc.,* 36 Cal. 4th 1028, 1042 (2005) (explaining that a claim for retaliation in violation of FEHA requires a plaintiff to allege: "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action").

Plaintiff asserts he complained about the terms of his contract, and that the contract appeared to have been intended to defraud the government.  Notably, protected activity includes situations where: "(1) the employee in good faith believes, and (2) a reasonable employee in the same or similar circumstances might believe, that the employer is possibly committing a fraud against the government." *Moore v. Cal. Institute of Tech. Jet Propulsion Lab.*, 275 F.3d 838, 845 (9th Cir. 2002).  Further, Plaintiff alleges he suffered an adverse employment action given the termination of his employment. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1094 (9th Cir. 2008) (termination is an adverse employment action); *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (same).

Importantly, however, Plaintiff does not allege facts sufficient to find a causal link between his complaints and his termination.  The Ninth Circuit explained that the requisite causal link between the protected activity and the adverse employment action may be "inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir. 1987).  Thus, "causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity." *Villiarimo v. Aloha Island Air*, 281 F.3d 1054, 1065 (9th Cir. 2002).  Here, Plaintiff does not explain when he signed the

---

complained about his classification by Defendants as an independent contractor, he "would get threatened to get fired" (*Id.* at 4).  Along with these threats, he admits that "after [he] questioning all that was happening, I was fired on April 16 of 2010."  *Id.* at 3.  Likewise, Plaintiff states a full awareness that he knew the firing, for reasons related to rejecting a client and taking psychiatric medications, were "bogus." *Id.*  Thus, Plaintiff makes clear he believed at the time he was fired that it was for unlawful reasons.

1   contract in issue, or when he complained about the terms or to whom the complaints were made.

2   Without such information, a causal link cannot be inferred.  Consequently, even Plaintiff has

3   exhausted his administrative remedies and assuming the statute of limitations has not run, Plaintiff

4   fails to allege facts sufficient to support a claim for retaliation.

5   **VII.    Conclusion and Order**

6          Plaintiff failed to clearly identify his claims for relief in the complaint.  To the extent that he

7   seeks to state a claim for retaliation, it appears the statute of limitations bars his claims.  Further,

8   Plaintiff has not alleged that he exhausted his administrative remedies.   Finally, the facts alleged are

9   insufficient to support claims of retaliation in violation of Title VII and FEHA.

10         Given the deficiencies of the complaint, the Court will provide Plaintiff with an opportunity to

11  clarify his claims and set forth facts sufficient to support the claims for relief.  *See Noll v. Carlson*, 809

12  F.2d 1446, 1448-49 (9th Cir. 1987).  The amended complaint must reference the docket number of

13  assigned to this case and must be labeled "First Amended Complaint."

14         Plaintiff is advised that an amended complaint supersedes the original complaint.  *Forsyth v.*

15  *Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

16  The amended complaint must be "complete in itself without reference to the prior or superseded

17  pleading."  Local Rule 220.  Thus, once Plaintiff files an amended complaint, Plaintiff's original

18  complaint will not serve any function in the case.  Plaintiff is warned that "[a]ll causes of action alleged

19  in an original complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at

20  567 (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord. Forsyth*, 114

21  F.3d at 1474.

22         Based upon the foregoing, **IT IS HEREBY ORDERED**:

23         1.     Plaintiff's motion to proceed in forma pauperis is **GRANTED**;

24         2.     Plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**;

25         3.     Within twenty-one days from the date of service of this order, Plaintiff **SHALL** file an

26                amended complaint curing the deficiencies identified by the Court in this order; and

27  ///

28  ///

7

4. **<u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.</u>**

IT IS SO ORDERED.

Dated: __**January 15, 2015**__          _____**/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE