UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSME PRESAS,<br><br>        Plaintiff,<br><br>    v.<br><br>CHRIS ROBERTS, et al.,<br><br>        Defendants. | Case No.: 1:15-cv-0044 - --- - JLT<br><br>ORDER DIRECTING THE CLERK OF COURT TO ASSIGN A UNITED STATES DISTRICT JUDGE TO THE ACTION<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT PREJUDICE FOR LACK OF JURISDICTION |

        Plaintiff Cosme Presas initiated this action by filing a complaint for violations of Title VII and California's Fair Employment and Housing Act against Chris Roberts; Chan Lee; John Innis, Jr.; and Steven Booth on January 9, 2015 (Doc. 1), alleging the defendants are liable for firing him in retaliation for complaints made by Plaintiff regarding his employment. On February 4, 2015, Plaintiff filed an amended complaint in which he acknowledged that he has not exhausted his administrative remedies by filing a complaint with the EEOC or the DFEH. (Doc. 6.)

        Because Plaintiff failed to exhaust his administrative remedies and the statute of limitations has run on his claims, the Court lacks subject matter jurisdiction over his claims. Accordingly, the Court recommends the action **DISMISSED without prejudice**.

**I.    Screening Requirement**

        When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the action is "frivolous, malicious or

fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). The Court must screen the First Amended Complaint because an amended complaint supersedes the previously filed complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## II.     Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal

conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citation omitted). Leave to amend a complaint may be granted when the deficiencies of the complaint may be cured. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.     Factual Allegations

Plaintiff alleges he was employed as a massage therapist by the defendants at Downtown Wellness in Bakersfield, California from January 5, 2009 to April 16, 2010. (Doc. 6 at 1-2.) According to Plaintiff, he and other employees signed an I.R.S. Form W9 on January 4, 2009, and Plaintiff signed his contract for Downtown Wellness on January 28, 2009. (*Id.* at 2.)

Plaintiff asserts that he questioned "the contract and it's (sic) legality" from the beginning of his employment, because the contract was worded to make it appear as though Plaintiff was a private contractor rather than an employee. (Doc. 6 at 2.) He explains that he "asked to be considered an employee instead of a contractor because all [the] massage supplies were provided," including "lotions, [a] massage table, towels, creams, [and] bolsters." (*Id.* at 4.)

In addition, Plaintiff alleges he "knew there was something illegal about the contract and the way the office created patient records and the way in which it billed insurance carriers." (Doc. 6 at 2.) For example, he reports the center was "overcharging insurances and . . . patient files were falsified in the way of putting down that a client had an injury or chronic condition, which the client did not, in order for clients to keep being able to get treatment and for their insurance to be billed." (*Id.* at 4.) Plaintiff was told to stop making these comments and that if he kept making such statements, he would "be dismissed and unable to work for them again." (*Id.*)

Throughout the course of his employment, Plaintiff "voiced [his] concerns" to coworkers and his manager. (Doc. 6 at 3.) According to Plaintiff, he "did not know who to contact about the fraudulent activities and how to go about it." (*Id.* at 2.) Plaintiff reports that in December 2010, he "wrote to the Labor Commissioner's Office in Sacramento but [he] never got a response" prior to his arrest and incarceration on February 7, 2011. (*Id.* at 3.) He did not file a complaint with either the EEOC or the DFEH. (*Id.* at 2-3.)

### IV. Discussion and Analysis

Title VII makes it unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this [title] . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this [title]. . . ." 42 U.S.C. § 2000e-3(a). Thus, an "employer can violate the anti-retaliation provisions of Title VII in either of two ways: (1) if the adverse employment action occurs because of the employee's opposition to conduct made unlawful [by Title VII]; or (2) if it is in retaliation for the employee's participation in the machinery set up by Title VII to enforce its provisions." *Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997). Similarly, under FEHA, it is unlawful "[f]or any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Cal. Gov't Code § 12940(h).

Significantly, Plaintiff reports that he has not exhausted his administrative remedies as to the alleged retaliation prior to filing suit. A plaintiff must have exhausted his administrative remedies for the Court to have subject matter jurisdiction over a claim of retaliation in violation of Title VII. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). The Ninth Circuit explained, "Under Title VII, a plaintiff must exhaust [his] administrative remedies by filing a timely charge with the EEOC . . . thereby affording the agency an opportunity to investigate the charge." *Id.* (citing 42 U.S.C. § 2000e-5(b)). Thus, a plaintiff must file an EEOC complaint within 300 days of the alleged violation. See 42 U.S.C. § 2000e-5(e); 29 C.F.R. § 1601.13; *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1107 (9th Cir. 1998). This requirement serves as a statute of limitations for the filing of Title VII claims. *See Draper*, 147 F.3d at 1107. After receiving a right to sue letter from the EEOC, a plaintiff has 90 days to file a complaint in federal court. *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408(c).

Likewise, under FEHA, a plaintiff must exhaust the administrative remedies provided or he is barred from filing suit. *Romano v. Rockwell Internat., Inc.*, 14 Cal.4th 479, 492 (1996) ["Under FEHA, the employee must exhaust the administrative remedy provided by the statute by filing a complaint with the Department of Fair Employment and Housing (Department) and must obtain from the Department a

notice of right to sue in order to be entitled to file a civil action in court based on violations of the FEHA."]

Here, Plaintiff admits he did not file a complaint with the EEOC or the DFEH. (Doc. 6 at 3.) Thus, the Court lacks jurisdiction to consider the matter.

**V.     Order**

Good cause appearing, the Clerk of Court is **DIRECTED** to assign a United States District Judge to this action.

**VI.    Findings and Recommendations**

Plaintiff reports that he has not exhausted his administrative remedies as required under Title VII and FEHA, and as a result the Court lacks subject matter jurisdiction over his claims. Thus, it does not appear the deficiencies can be cured by amendment. Because leave to amend would be futile, Plaintiff should not be given leave to amend his pleadings. *See Lopez*, 203 F.3d at 1130. Further, because the Court lacks subject matter jurisdiction over Plaintiff's claims, the action should be dismissed without prejudice. *See Kelly v. Fleetwood Enters., Inc.,* 377 F.3d 1034, 1036 (9th Cir. 2004).

Accordingly, **IT IS HEREBY RECOMMENDED**:

1.     Plaintiff's first amended complaint be **DISMISSED without prejudice**; and

2.     The Clerk of Court be **DIRECTED** to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  **February 17, 2015**                    **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE